IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:06CR00060 |
| ) | Criminal Action No. 7:16CR00033 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MARVIS MAURICE JOHNSON, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Marvis Maurice Johnson, through counsel, has filed a motion for reduction of sentence pursuant to Section 404 of the First Step Act of 2018 and for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The motion has been briefed and is ripe for review. For the following reasons, the court will partially reduce Johnson's sentence and deny his request for immediate release.

## Background

On July 13, 2006, a grand jury in the Western District of Virginia returned a multi-count indictment against Johnson in Criminal Action No. 7:06CR00060. On January 12, 2007, Johnson entered pleas of guilty to Counts Four and Five of the indictment, which respectively charged him with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and possession with intent to distribute 500 grams or more of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Based on the amount of cocaine base charged in Count Four, Johnson faced a mandatory term of imprisonment of ten years to life under then-applicable law. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006). As a result, the offense was classified as a Class A felony under 18 U.S.C. § 3559(a).

Johnson appeared for sentencing on April 4, 2007. At that time, the court determined that Johnson had a total offense level of 31 and a criminal history category of III, which produced an

advisory Sentencing Guidelines range of 135 to 168 months in prison. See Statement of Reasons, Criminal Action No. 7:06CR00060, ECF No. 30. The court sentenced Johnson to a total term of imprisonment of 135 months, to be followed by a five-year term of supervised release.

On April 29, 2008, Johnson received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. The court reduced Johnson's total term of imprisonment from 135 months to 120 months.

On May 17, 2016, while on supervised release, Johnson was arrested on a federal criminal complaint charging him with distribution of crack cocaine and use of a firearm in furtherance of a drug trafficking crime. See Arrest Warrant, Criminal Action No. 7:16CR00033, ECF No. 3. On August 18, 2016, a grand jury returned a multi-count superseding indictment against Johnson and three codefendants in Criminal Action No. 7:16CR00033. Among other offenses, the indictment charged Johnson with conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Eleven). On December 7, 2016, Johnson entered pleas of guilty to Counts One and Eleven pursuant to a written plea agreement.

In preparation for sentencing, a probation officer prepared a presentence report ("PSR") that summarized Johnson's offense conduct. According to the PSR, agents with a local drug task force became aware of a drug conspiracy operating in the Roanoke, Virginia area in October of 2015. PSR ¶ 6, Criminal Action No. 7:16CR00033, ECF No. 190. The subsequent investigation focused on several individuals, including Johnson. Id. In April and May of 2016, officers utilized a confidential informant to purchase crack cocaine from Johnson on several occasions.

Id. ¶¶ 8–9, 12.  During one of the controlled purchases, Johnson possessed a handgun.  Id. ¶ 8.  Following his arrest, Johnson admitted that he obtained cocaine powder from sources in Tennessee and Virginia, which he then "cook[ed] . . . into crack cocaine himself" and sold to make extra money.  Id. ¶¶ 13–14.  During a search of Johnson's residence, officers seized drugs, a semi-automatic pistol, ammunition, $17,128 in United States currency, and a set of digital scales.  Id. ¶ 17.

Based on the information provided by Johnson, the probation officer determined that Johnson was responsible for 5.10291 kilograms of cocaine base.  Id. ¶ 23.  This quantity of cocaine base, combined with a two-level enhancement for possessing a firearm, produced an adjusted offense level of 36 under § 2D1.1 of the Sentencing Guidelines.  The adjusted offense level was reduced by three levels for acceptance of responsibility, yielding a total offense level of 33.  When combined with a criminal history category of III, the total offense level gave rise to a recommended range of imprisonment of 168 to 210 months.

In light of Johnson's admitted criminal conduct, the probation officer also sought to revoke his supervised release in Criminal Action No. 7:06CR00060.  Because the cocaine base offense for which Johnson was on supervised release was classified as a Class A felony, he faced a statutory maximum term of imprisonment of five years for violating his terms of supervision.  See 18 U.S.C. § 3583(e)(3).  In a separate violation report, the probation officer determined that Johnson's criminal conduct constituted a Grade A violation of supervised release.  See U.S.S.G. § 7B1.1(a)(1).  Based on a Grade A violation, a criminal history category of III, and an underlying Class A felony, the Guidelines recommend a range of imprisonment upon revocation of 30 to 37 months.  Id. § 7B1.4(a).

On February 3, 2017, Johnson appeared before the court for a combined sentencing and revocation hearing. During the hearing, the court adopted the findings and conclusions in the PSR, and revoked the term of supervision imposed in Criminal Action No. 7:06CR00060. After granting a substantial assistance motion filed by the government, the court sentenced Johnson to a total term of imprisonment of 112 months for the offenses charged Counts One and Eleven of the superseding indictment. The court also imposed a revocation sentence of 30 months, to be served consecutively to the 112-month term of imprisonment.

Johnson is currently serving the aggregate sentence of 142 months. See 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment."). He has been in federal custody since May 17, 2016. His projected release date, with credit for good conduct, is July 27, 2026.

Johnson is presently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). As of February 11, 2021, one inmate and one staff member at FCI Danbury recently tested positive for COVID-19; 186 inmates and 80 staff members have recovered from the virus; and one inmate has died due to complications from the virus. See https://www.bop.gov/coronavirus (last visited Feb. 12, 2021).

Johnson has moved for a sentence reduction based on Section 404 of the First Step Act. He has also moved for compassionate release on the basis that his medical conditions make him particularly vulnerable to complications from COVID-19.[1] The government has opposed Johnson's motion. The motion is now ripe for review.

---

[1] BOP medical records indicate that Johnson has been diagnosed with pulmonary sarcoidosis and mild, intermittent asthma.

I.      **Sentence Reduction under Section 404**

Section 404 of the First Step Act "makes retroactive the provisions of the Fair Sentencing Act of 2010 that reformed crack cocaine sentencing." United States v. Woodson, 962 F.3d 812, 813 (4th Cir. 2020). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (citation omitted). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a), 132 Stat. at 5222 (citation omitted). "Thus, a defendant convicted before the passage of the Fair Sentencing Act of violating a statute the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act is eligible for a sentence reduction if his sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act." Woodson, 962 F.3d at 814.

Upon review of the record, the court concludes that Johnson is eligible for a sentence reduction under Section 404 of the First Step Act. It is undisputed that the cocaine base offense with which Johnson was charged in 2006 is a "covered offense" for purposes of the First Step Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citations omitted). As relevant here, Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50

grams to 280 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010). An offense involving between 28 and 280 grams of cocaine base is now punishable by a term of 5 to 40 years in prison and therefore classified as a Class B felony. See 18 U.S.C. § 3559(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii). "The effect of this reclassification not only reduces the original statutory penalties for the term of imprisonment for the drug conviction, but also shortens the maximum revocation sentence for a violation of supervised release" from five years (authorized for Class A felonies) to three years (authorized for Class B felonies). United States v. Venable, 943 F.3d 187, 190 (4th Cir. 2019); 18 U.S.C. § 3583(e)(3). Because Johnson's revocation sentence is considered to be "a component of his underlying original sentence" for the cocaine base offense with which he was charged in 2006, Johnson "is still serving his sentence for a 'covered offense' for purposes of the First Step Act." Venable, 943 F.3d at 194. Accordingly, the court is authorized to reduce Johnson's revocation sentence.

Upon review of the record, the court concludes that a partial sentence reduction is warranted in Johnson's case. Although the government correctly notes that Johnson's revocation sentence was imposed as a sanction for a significant violation of the court's trust, the same violation would now be subject to a lower statutory maximum penalty, as well as a lower Guidelines range of imprisonment. See U.S.S.G. § 7B1.4(a) (recommending a term of imprisonment of 18 to 24 months for a defendant with a criminal history category of III who commits a Grade A violation while on supervised release for a Class B felony). After considering the parties' arguments, Johnson's institutional record,[2] and the applicable sentencing

---

[2] In March of 2020, Johnson was sanctioned with the loss of good conduct time and other penalties for using drugs or alcohol. See ECF No. 50-4. As of October 12, 2020, he had incurred no other disciplinary infractions.

factors set forth in 18 U.S.C. § 3553(a),[3] the court will reduce the period of incarceration imposed upon revocation of Johnson's supervised release from 30 months to 18 months. Given the particular circumstances of this case, the court finds that an 18-month revocation sentence is sufficient, but not greater than necessary, to achieve the sentencing objectives articulated in § 3553(a). All other terms of Johnson's sentence will remain the same, including the requirement that the 18-month revocation sentence be served consecutively to the 112-month term of imprisonment imposed in Criminal Action No. 7:16CR00033.

## II. Compassionate Release

Johnson has also moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This provision, as amended by Section 603(b) of the First Step Act, provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Prior to the enactment of the First Step Act, courts could consider compassionate release only upon motion by the Bureau of Prisons. United States v. McCoy, 981 F.3d 271, 276 2020)

---

[3] The pertinent § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to afford adequate deterrence; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with necessary educational or vocational training, medical care, or other correctional treatment; (5) the sentencing range established for the defendant's offenses; (6) any pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims. See 18 U.S.C. §§ 3553(a), 3583(e).

(citing 18 U.S.C. § 3582(c)(1)(A) (2012)). Since its enactment, "the Sentencing Commission has not updated its policy statement on compassionate release." United States v. Booker, 976 F.3d 228, 233–34 (2d Cir. 2020). Consequently, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason that a defendant might raise.'" McCoy, 981 F.3d at 284 (second alteration in original) (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

In this case, the government initially disputes whether Johnson's preexisting health conditions, considered in conjunction with the COVID-19 pandemic, provide an extraordinary and compelling basis for compassionate release. The government argues, however, that even if extraordinary and compelling reasons would otherwise justify relief, the factors set forth in 18 U.S.C. § 3553(a) do not support a further sentence reduction at this time. See United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020) (affirming the district court's decision to deny compassionate release after considering the factors set forth in § 3553(a)). For the following reasons, the court agrees with the government that the applicable sentencing factors counsel against compassionate release.

The offense conduct giving rise to Johnson's 2016 convictions was extremely serious. As indicated above, Johnson was involved in a conspiracy that introduced large quantities of crack and powder cocaine into the Roanoke Valley. He possessed a firearm during at least one controlled purchase by a confidential informant, and he also kept a firearm in the same residence where he cooked and sold crack cocaine. Moreover, at the time of his most recent offense conduct, Johnson was on federal supervised release for similar controlled substance offenses. Nonetheless, Johnson returned to the drug trade and endangered the Roanoke community by

distributing crack and powder cocaine. He has since completed less than half of the aggregate sentence imposed by the court.

Based on the foregoing circumstances, the court is unable to find that compassionate release is warranted in Johnson's case. In reaching its decision, the court recognizes that Johnson is justifiably concerned about the risks posed by the COVID-19 virus.[4] However, at this juncture, his concerns do not outweigh the aggravating factors under § 3553(a). Specifically, after considering Johnson's history and characteristics and the seriousness of his offenses, as well as the need to afford adequate deterrence, protect the public, and promote respect for the law, the court finds that Johnson is not an appropriate candidate for compassionate release at this time. Accordingly, his request for immediate release will be denied without prejudice.

## Conclusion

For the reasons stated, Johnson's motion for a sentence reduction under Section 404 of the First Step Act will be granted in part, and his request for compassionate release will be denied without prejudice. The court will reduce the period of incarceration imposed upon revocation of Johnson's supervised release from 30 months to 18 months. All other terms of Johnson's sentence will remain the same, including the requirement that the 18-month revocation sentence be served consecutively to the 112-month term of imprisonment imposed in Criminal Action No. 7:16CR00033.

---

[4] Fortunately, the COVID-19 vaccine is now being administered to staff members and inmates within the Bureau of Prisons ("BOP"). As of February 12, 2021, the BOP has completed 121 full staff inoculations and 76 full inmate inoculations at FCI Danbury. See https://www.bop.gov/coronavirus (last visited Feb. 12, 2021). As the BOP receives additional shipments of the vaccine, it will be offered to more inmates and staff members. Id.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This __12th__ day of February, 2021.

*/s/ Conrad*
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:06CR00060 |
| | ) | Criminal Action No. 7:16CR00033 |
| v. | ) | |
| | ) | **ORDER** |
| MARVIS MAURICE JOHNSON, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED**

as follows:

1. The defendant's motion for a sentence reduction under Section 404 of the First Step Act of 2018 and for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Criminal Action No. 7:06CR00060, ECF No. 50; Criminal Action No. 7:16CR00033, ECF Nos. 169 and 180) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**;

2. The 30-month revocation term of imprisonment imposed in Criminal Action No. 7:06CR00060 is **REDUCED** to **18 months**;

3. All other terms of the defendant's shall remain the same, including the requirement that the 18-month revocation sentence be served consecutively to the 112-month term of imprisonment imposed in Criminal Action No. 7:16CR00033; and

4. The effective date of this order shall be stayed for no more than 10 days from the date of entry to allow the Bureau of Prisons sufficient time to calculate and process the defendant's new release date.

The Clerk is directed to send copies of this order and the accompanying memorandum opinion to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This __12th__ day of February, 2021.

_____
Senior United States District Judge